IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EARNEST J. FILES, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:14-CV-239-WKW ) [WO] |
| ALEXANDER CITY, ALABAMA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Plaintiff, an inmate proceeding *pro se*, originally filed this 42 U.S.C. § 1983 action in the United States District Court for the Northern District of Alabama on July 19, 2012. By order entered July 3, 2013, that court dismissed Plaintiff's complaint against several named defendants within the jurisdiction of the United States District Court for the Northern District of Alabama and directed the transfer of Plaintiff's claims against the remaining defendants to this court. *See Doc. No. 12*. The case was filed in this court on April 9, 2014.

The named defendants are Alexander City, Alabama, Alexander City Mayor Barbara Young, Alexander City Chief of Police Charles Raford, Alexander City Municipal Court Clerk Louise Pritchard, Alexander City Assistant Municipal Court Clerk Sharon Culligan, Tallapoosa County Circuit Judge Tom Young, Tallapoosa County District Judge C. Kim Taylor, Tallapoosa County Sheriff Jimmy Abbett, Tallapoosa County Drug Task Force

Officer Steve Hay, the Tallapoosa County Commission, Tallapoosa County District Attorney E. Paul Jones, Tallapoosa County Chief Deputy District Attorney Damon Lewis, Tallapoosa County Assistant District Attorney Jeremy Duerr, Tallapoosa County Jail Administrator Blake Jennings, Tallapoosa County Assistant Jail Administrator Chris Nail, Tallapoosa County Jail Shift Commander Tina Walker, and Attorney Charles Gillenwaters.  Plaintiff sues the named defendants in their individual and official capacities seeking monetary and injunctive relief. Plaintiff further requests that all pending charges against him be dismissed and that he be released from incarceration.

Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court must screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities and dismiss the complaint or any portion that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. The screening procedures established for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-579-80 (5th Cir. 1998).  While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* if the court found them frivolous or malicious, the new §1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service of process.  To protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by standards less stringent than

formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984).

## II. FACTUAL ALLEGATIONS

On April 17, 2013, Magistrate Judge Harwell Davis entered a Recommendation in the captioned action. *See Doc. No. 6*. The Recommendation summarized the allegations in Plaintiff's complaint as follows:

> On December 1, 2011, about 11:30 a.m., Tallapoosa County Drug Task Force Officer Steve Hay stopped plaintiff on Highway 280 West. (Compl. at 5).[1] Defendant Hay informed plaintiff that there was a warrant for his arrest for failing to appear in court for a traffic citation. (Compl. at 5 & 9). Plaintiff denied that he had a warrant. *Id*. Defendant Hay called in plaintiff's name to the dispatcher who responded "negative." *Id*.
>
> As defendant Hay walked plaintiff to another police car, plaintiff told Hay that he intended to file a complaint with the FBI because Hay was violating his constitutional rights. *Id*. Defendant Hay responded that "niggers" did not have any rights in Tallapoosa County. *Id*.
>
> Defendant Hay searched plaintiff's pickup truck. (Compl. at 5). A few minutes later, Officer Spivey with the K-9 Unit allowed his dog to sniff around the truck, but the dog did not signal for anything. *Id*. Approximately five minutes later, defendant Hay stated that he had found something and directed an officer to take plaintiff to the Alexander City Jail. *Id*. Plaintiff alleges that Hay stopped him without probable cause and searched his car without a warrant. *Id*. Plaintiff further alleges he was arrested in a "joint effort to get the plaintiff off the street for Talladega County District Attorney's office on a murder investigation." (Compl. at 5).
>
> On December 2, 2011, Tallapoosa County District Attorney E. Paul

---

[1] Plaintiff states that defendant Hay "is an agent of Defendant [Alexander City Chief Police] Raford, and also [an] agent of Defendant Barbara Young, Mayor of Alexander City Alabama." (Compl. at 4).

Jones and Chief Deputy District Attorney Damon Lewis filed a motion to revoke plaintiff's bond in another criminal case due to plaintiff's recent arrest. (Compl. at 5). Tallapoosa County Circuit Judge Tom Young granted the motion. *Id*. Also on December 2, 2011, plaintiff paid $500.00 to the Alexander City Municipal Court Clerk for the citation on which his arrest warrant was based. (Compl. at 9).

On December 3, 2011, plaintiff was transferred from the Alexander City Jail to the Tallapoosa County Jail. (Compl. at 7). Plaintiff was held with no bond on three charges and cash bonds on two charges. *Id*. Plaintiff alleges the bonds deprived him of "his right to a reasonable bail bond." *Id*.

On December 12, 2011, Investigator Mike McBurnett visited plaintiff at the Tallapoosa County Jail. (Compl. at 7). Two officers from the Sylacauga Police[2] Department were also present. *Id*. Defendant McBurnett began asking plaintiff about an incident that occurred on July 27, 2011. *Id*. Plaintiff's attorney was not present, and plaintiff was not given a Miranda warning. (Compl. at 7). Plaintiff got up and walked out of the office without speaking to McBurnett. *Id*. Defendant McBurnett caught up with plaintiff and tried to give him a business card, but plaintiff refused to take it. *Id*.

On January 12, 2012, plaintiff was arraigned before Tallapoosa County District Judge C. Kim Taylor. (Compl. at 7). Plaintiff states that he did not receive a 72-hour hearing until 41 days after his arrest. *Id*. at 9. Plaintiff informed defendant Taylor that he did not have an attorney, and Taylor appointed plaintiff an attorney and bound him over to a grand jury. *Id*. at 7. Plaintiff requested that defendant Taylor change his bail bonds over to property. *Id*. Defendant Taylor stated that plaintiff had a bond hearing set for February 29, 2012, and denied plaintiff's request. *Id*. at 9.

Plaintiff wrote defendant Louise Pritchard, Alexander City Municipal Court Clerk, and requested a copy of his citation and warrant for failure to appear. (Compl. at 9). The citation, dated August 11, 2011, was blank and not signed on the back. *Id*. The citation was sworn to by Alexander City Assistant Municipal Court Clerk Sharon Culligan. *Id*. On or about October 12, 2011, plaintiff called defendant Pritchard to request that the citation be "put off until [the] next court date." *Id*. at 9. Defendant Pritchard informed plaintiff that he

---

[2]Plaintiff states that defendant McBurnett is "an agent" of Talladega County District Attorney Steve Giddens. (Compl. at 7).

4

did not have a citation. *Id*. Plaintiff states that the warrant had an October 20, 2011, court date and a final disposition of December 2, 2011, a day after plaintiff was arrested. *Id*. Plaintiff claims the warrant "was bogus." *Id*.

On February 21, 2012, around 10:00 a.m., Tallapoosa County Jail Shift Commander Tina Walker told plaintiff that Talladega County Deputy Sheriffs Box and Gilmore had arrived to transfer him to the Talladega County Jail.[3] (Compl. at 10). Plaintiff stated that he was not leaving with the deputies unless he was shown a warrant, a writ of arrest, or indictment. *Id*. (Compl. at 10). Tallapoosa County Assistant Jail Administrator Chris Nail arrived, put his hand on his mace, and allowed defendants Box and Gilmore to place plaintiff in handcuffs and shackles and transfer him. *Id*.

At approximately 1:00 p.m., plaintiff was transported from the Talladega County Jail to the Talladega County Courthouse without being advised of his Miranda rights. *Id*. Plaintiff was arraigned and formally charged with murder. (Doc. 5 at 2; Ex. A1). Talladega County Circuit Judge Julian King set plaintiff's bond at $1,000,000.00. (Compl. at 10). Plaintiff claims the bond is excessive. *Id*. Plaintiff was transported back to the Talladega County Jail. *Id*.

On February 29, 2012, a bond hearing was held before Tallapoosa County Circuit Judge Young. *Id*. Tallapoosa County Assistant District Attorney Jeremy Duerr and plaintiff's defense attorney, Charles Gillenwaters, were present. *Id*. Plaintiff attempted to ask Judge Young a question. (Compl. at 11). Defendant Gillenwaters advised plaintiff not to say anything. *Id*. On March 1, 2012, Judge Young set plaintiff's bond at $200,000.00. *Id*. Plaintiff alleges the bond is excessive. *Id*.

On March 21, 2012, defendant Gillenwaters wrote plaintiff a letter, stating that he was not part of a conspiracy against plaintiff. (Compl. at 12, Ex. G). Defendant Gillenwaters asked how he could be successful in representing plaintiff for assault when plaintiff admitted to shooting the victim and the shooting was not in self defense. *Id*.

On April 10, 2012, plaintiff appeared before Talladega County District

---

[3]Plaintiff states that defendants Nail and Walker are "agents of [Tallapoosa County Jail Administrator] Jennings, an agent of defendant [Tallapoosa County Sheriff] Abbett, an agent of the Tallapoosa County Commission." (Compl. at 9).

      Judge R. Rumsey for a preliminary hearing. (Compl. at 11). At the end of the hearing, plaintiff asked for a bond reduction. *Id*. Talladega County District Attorney Steve Giddens objected, stating that it would be a risk to allow plaintiff out on bond because he had pending charges in Tallapoosa County and also faced federal charges. (Compl. at 11). Judge Ramsey denied plaintiff's request for a reduced bond. *Id*.

      Plaintiff requests monetary relief and that the elected officials named as defendants be impeached. (Compl. at 12-14). He also requests that all charges against him be dropped, that he be released from custody, and defendant Hay be terminated from his employment. *Id*.

*Doc. No. 6* at 3-8.

### III.  DISCUSSION

*A.  Judges Tom Young and C. Kim Taylor*

    *i. Damages*

Plaintiff asserts claims against Judge Young and Judge Taylor which emanate from actions taken by them in their judicial capacity during state court proceedings over which they had jurisdiction. *Doc. No. 1* at 6-7. These claims are due to be dismissed. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *See Stump*, 435 U.S. at 356-357. The court has reviewed Plaintiff's allegations against Judge Young and Judge Taylor and finds they do not

compel the conclusion that these defendants acted in clear absence of jurisdiction. Accordingly, any claim for monetary damages Plaintiff might seek against Judge Young and Judge Taylor is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    *ii. Non-Final Orders*

To the extent Plaintiff seeks relief from adverse decisions or actions of a state court not yet final, he is entitled to no relief because he has an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal any non-final order issued or action taken by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Thus, any claim challenging a non-final order issued or action taken by Judges Young and/or Taylor subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

    *iii. Final Orders*

To the extent Plaintiff seeks injunctive and/or declaratory relief from orders issued by a state court which have become final in accordance with state law, this court lacks

jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.[4] *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for relief

---

[4] If Plaintiff seeks to challenge rulings made by the Circuit Court for Russell County, he may file an appropriate motion with the trial court and/or with the appropriate appellate court.

from final orders issued or actions undertaken by Judges Young and/or Taylor during matters related to Plaintiff's state court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[5] *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

*B. Tallapoosa County District Attorney E. Paul Jones, Tallapoosa County Chief Deputy District Attorney Damon Lewis, and Assistant District Attorney Jeremy Duerr*

To the extent Plaintiff challenges Defendants Jones', Lewis', and Duerr's conduct in matters associated with Plaintiff's state court criminal proceedings, he is entitled to no relief. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th

---

[5] The court also notes that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, but the federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains regarding Defendants Jones, Lewis, and Duerr arise from these defendants' roles "as[] 'advocate[s]' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendants Jones, Lewis, and Duerr are, therefore, "entitled to absolute immunity for that conduct." *Id*. Moreover, as previously determined, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court criminal proceedings related to the offenses under which he is currently incarcerated. *See also Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982). Thus, Plaintiff's complaint against Defendants Paul Jones, Damon Lewis, and Jeremy Duerr is due to be dismissed in accordance under 28 U.S.C. § 1915(e)(2)(B)(i).

*C. Louise Pritchard, Alexander City Court Clerk, Sharon Culligan, Assistant Alexander City Court Clerk, and Mayor Barbara Young*

Plaintiff complains Defendants Pritchard and Culligan violated his constitutional

rights by issuing a bogus warrant. According to the complaint, on January 14, 2012, Plaintiff received a copy of a failure to appear warrant and citation dated August 11, 2011, which was blank on the back and not signed by anyone. He further states the citation was sworn by Defendant Culligan on August 11, 2011, the warrant had a court date of October 20, 2011, and a final disposition date of December 2, 2011 - a day after Plaintiff's arrest. *Doc. No. 1* at 9.

Plaintiff's allegation regarding a bogus warrant issued by Defendants Pritchard and/or Culligan is conclusory and unsupported by clear and specific factual allegations. The law is settled, however, that when a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). Further, if the actions about which Plaintiff complains constitute negligence, a claim of negligence is not cognizable in a § 1983 action. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Plaintiff fails to allege much less indicate that Defendants Pritchard or Culligan acted outside their authority regarding the warrant in question. The complaint identifies no specific facts against these defendants that allow the court to make any plausible inference that any of their actions amounted to a violation of his constitutional rights. *See Ashcroft v. Iqbal*,

556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, to the extent Plaintiff seeks to allege claims against Defendant Mayor Barbara Young based on the actions of Defendants Pritchard and Culligan, he fails to state a claim on which relief may be granted. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)(No vicarious liability under § 1983). Accordingly, Plaintiff's claims against Defendants Pritchard, Culligan, and Barbara Young are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. 327.

D.  *Charles Raford, Chief of Police of Alexander City*

To the extent Plaintiff seeks to allege claims against Defendant Raford based on the actions of Defendant Hay, he fails to state a claim on which relief may be granted. The law is settled that a defendant cannot be held liable in an action brought under 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability); *Cottone*, 326 F.3d at 1360 (a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Plaintiff's complaint

against Defendant Raford on the basis of *respondeat superior* is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

*E. Sheriff Jimmy Abbett and Tallapoosa County Jail Employees Blake Jennings, Tina Walker, and Chris Nail, and the Tallapoosa County Commission*

On February 21, 2012, Defendants Walker and Nail prepared Plaintiff for transfer from the Tallapoosa County Jail to the Talladega County Jail. Plaintiff claims that Defendants Walker and Nail are agents of Defendants Jennings, Abbett, and the Tallapoosa County Commission. Plaintiff appears to claim that Defendant Walker failed to provide him with any paperwork regarding the transfer so he informed her he was not going and then Defendant Nail showed up "with his hand on his mace." *Doc. No. 1* at 9-10.

Plaintiff's allegations against Defendants Walker and Nail implicate no constitutional right to which he is entitled. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). To the extent Plaintiff seeks to allege claims against Defendants Jennings, Abbett, and the Tallapoosa County Commission based on the actions of Defendants Walker and Nail, he fails to state a claim on which relief may be granted. *See Cottone*, 326 F.3d at 1360; *see also Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998) *(*county commissioners cannot be held liable for actions undertaken during the daily operation of a county jail). Accordingly, Plaintiff's claims against Defendants Walker, Nail, Jennings, Abbett, and the Tallapoosa County Commission are due to be dismissed as frivolous for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

*F. Defendant Gillenwaters*

Plaintiff appeared in court on February 29, 2012, with his attorney, Charles Gillenwaters, who advised him to remain silent which Plaintiff claims violated his First Amendment rights. Plaintiff further complains that in correspondence dated March 21, 2012, Defendants Gillenwaters wrote the word "Nigger" instead of "N-word" which violated Plaintiff's Fourteenth Amendment rights. *Doc. No. 1* at 11, 12, Exh. G.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Parratt*, 451 U.S. 527; *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (citation omitted) (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Defendant Gillenwaters are frivolous because they lack an arguable basis in law. *Neitzke*,

490 U.S. at 327. Such claims are, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

*G. City of Alexander City*

Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Alexander City liable. *See Monell,* 436 U.S. at 692 (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986). "It is only when the 'execution of the government'' policy or custom ... inflicts the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A city does not incur § 1983 liability for injuries caused solely by its employees. *Monell,* 436 U.S. at 694. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which the City of Alexander City may be held liable. Consequently, there's no legal basis on which Plaintiff's claims against this Defendant may proceed and it is, therefore due to be dismissed. *See Neitzke*, 490 U.S. 319.

*H. The False Imprisonment Claim*

Plaintiff claims he is falsely imprisoned on criminal charges pending before the state courts in Tallapoosa County, Alabama, because he is innocent of the charges lodged against him, but this claim is not cognizable in this § 1983 action. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."

The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff may vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not alleged that any special circumstances exist which create a threat of irreparable harm. That he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) ("a civil proceeding challenging the grounds on which the prosecution [of the defendant] had been commenced would indirectly implicate the question [of the defendant's] guilt; this type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary

16

that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits.").

In light of the foregoing, dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendants Tallapoosa County Commission, E. Paul Jones, Damon Lewis, Jeremy Duerr, C. Kim Taylor, Thomas F. Young, Jimmy Abbett, Blake Jennings, Chris Nail, Tina, Walker, Barbara Young, Charles Raford, Louise Pritchard, Sharon Culligan, Charles Gillenwaters, and the City of Alexander City be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)(ii) and/or (iii);

2. Defendants Tallapoosa County Commission, E. Paul Jones, Damon Lewis, Jeremy Duerr, C. Kim Taylor, Thomas F. Young, Jimmy Abbett, Blake Jennings, Chris Nail, Tina, Walker, Barbara Young, Charles Raford, Louise Pritchard, Sharon Culligan, Charles Gillenwaters, and the City of Alexander City be DISMISSED as parties to the complaint;

3. Plaintiff's false imprisonment claim be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

4. Plaintiff's claims against Defendant Steve Hay be referred back to the undersigned for further proceedings.

It is further

ORDERED that **on or before May 21 , 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of May, 2014.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE